IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON SZELAGOWSKI,

                                                             OPINION AND ORDER

                      Plaintiff,

                                                               13-cv-433-bbc

      v.

NEWPAGE WISCONSIN SYSTEM, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jason Szelagowski filed this case in the Circuit Court for Wood County, Wisconsin, alleging that he was harmed in an explosion in August 2011 as a result of defendant NewPage Wisconsin System, Inc.'s negligence. After defendant removed the case to this court, the parties filed dueling motions to remand the case to state court and transfer the case to the United States District Court for the District of Delaware. In addition, plaintiff has filed a request for attorney fees. I am granting the motion to remand and denying the motion to transfer and the motion for fees.

Defendant relies on 28 U.S.C. § 1452 as providing the grounds for removal:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand

1

such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

With respect to 28 U.S.C. § 1334, defendant cites section (b), which states "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Defendant says that plaintiff's claims are "related to" its chapter 11 bankruptcy petition that it filed in September 2011 in the United States Bankruptcy Court for the District of Delaware. In re NewPage Corporation, No. 11-12804-KG (Bankr. Del.). In particular, defendant says that plaintiff's claims were discharged in the bankruptcy proceeding when plaintiff failed to file a proof of claim before the deadline for doing so or before the bankruptcy court confirmed a plan for distributing the estate's assets. Dkt. #1, exhs. A and B. See also 11 U.S.C. § 1141(d)(1) ("[T]he confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation."). Defendant asks that the case be transferred to the United States District Court for the District of Delaware so that the case can be referred to the bankruptcy court there and the bankruptcy court can decide whether plaintiff should be allowed to file a late claim.

Defendant simply assumes that this case is related to the bankruptcy proceeding within the meaning of § 1334(b), but that is not clear. In Black v. USPS (In re Heath), 115 F.3d 521, 524 (7th Cir. 1997), the court stated that a claim is "related to" a bankruptcy under § 1334 when the claim "is likely to affect the debtor's estate." See also Home

Insurance Co. v. Cooper & Cooper, Ltd., 889 F.2d 746, 749 (7th Cir. 1989) (claim is "related to" bankruptcy under 28 U.S.C. § 157 if "its resolution affects the amount of property available for distribution or the allocation of property among creditors"). In this case, plaintiff is not asking to submit a claim for assets in the bankruptcy estate, which, according to defendant, is being distributed now. Rather, he argues that the bankruptcy proceedings have no bearing on his claims because defendant never gave him notice of the bankruptcy, even though he was a known creditor at the time. Defendant does not address this issue as it relates to jurisdiction in its notice of removal or any of the three briefs that it filed. (Neither party develops a separate argument about 28 U.S.C. § 1334(c)(2), which "makes abstention in favor of the state court mandatory in noncore proceedings not otherwise within federal jurisdiction," Matter of U.S. Brass Corp., 110 F.3d 1261, 1268 (7th Cir. 1997), so I do not consider that question.)

Even if I assume that jurisdiction is present under § 1334(b), I am persuaded that there are equitable grounds for remand under § 1452(b). In particular, defendant does not dispute plaintiff's contention that his claims rest entirely on state law, that trying the case in Wood County is more convenient because plaintiff, many relevant witnesses and much relevant evidence are located there and that Wood County has the strongest interest in the case because the explosion occurred there. Further, defendant does not identify any basis other than § 1334 for exercising jurisdiction, such as diversity jurisdiction under 28 U.S.C. § 1332. Sabre Technologies, L.P. v. TSM Skyline Exhibits, Inc., CIV.A. H-08-1815, 2008 WL 4330897 (S.D. Tex. Sept. 18, 2008) (equitable grounds include "extent to which state

3

law issues predominate over bankruptcy issues" and "jurisdictional basis, if any, other than § 1334"); In re Emerald Acquisition Corp., 170 B.R. 632, 645 (Bankr. N.D. Ill. 1994) (equitable grounds include "[p]rejudice to the involuntarily removed party," convenience of the parties and "[a] determination that the state court is better able to respond to questions of state law"). See also U.S. Brass, 110 F.3d at 1265 (under § 1452(b), "'any equitable ground' . . . means simply any appropriate ground").

On the other side, defendant has not identified a persuasive reason for transferring the case to Delaware rather than allowing the case to proceed in Wisconsin state court. (Neither side argues that the case should remain in this court.) To begin with, defendant relies entirely on 28 U.S.C. § 1412 as a basis for transfer, but that statute applies only to a "proceeding under title 11." Defendant does not explain how that language could be stretched to include cases "*related to* a proceeding under title 11." Defendant cites Baker v. Muscletech Research & Development, Inc., 06 C 492, 2006 WL 1663748, at *1-2 (E.D. Wis. June 9, 2006), as providing support for a liberal construction, but the court in that case stated that it did "not intend to embark on extensive analysis of this issue, in significant part because neither party in this action opposes transfer," so that case has limited persuasive value. See also id. ("Many courts have concluded that the general change of venue statute, 28 U.S.C. § 1404(a), is controlling" when considering the transfer of case that is "related to" bankruptcy proceeding.)

In any event, defendant does not argue that it will lose the opportunity to assert the discharge in bankruptcy as a defense to plaintiff's claims in state court. Alderwoods Group,

4

Inc. v. Garcia, 682 F.3d 958, 965-66 (11th Cir. 2012) (debtor may assert discharge as affirmative defense in state court action). Although defendant says that the bankruptcy court is in the best position to determine the preliminary issue whether the bankruptcy action bars plaintiffs' claims, defendant does not dispute plaintiff's contention that any defense relying on the bankruptcy action rises and falls with the question whether defendant gave plaintiff adequate notice of the bankruptcy action. In re Arch Wireless, Inc., 534 F.3d 76, 79 (1st Cir. 2008) (injunction under 11 U.S.C. § 523 barring enforcement of discharged claims does not apply to creditor who did not receive notice of debtor's bankruptcy). Because defendant does not identify any complex federal questions that the state court will have to resolve to make that determination, I see little benefit to transferring this case across the country, particularly in light of defendant's acknowledgment that the case may have to be sent back to state court to resolve the merits. Dft.'s Br., dkt. #14, at 2-3, 9.

  Defendant states repeatedly throughout its briefs that only the bankruptcy court has the authority to allow plaintiff to file a late claim, but this argument is a red herring. Plaintiff is not asking to file a late claim; his argument is that the bankruptcy proceeding has no effect on his lawsuit. It may be true that the bankruptcy court would have more authority to fashion a remedy for plaintiff in the event of a finding that he had adequate notice of the bankruptcy proceedings. It may also be true that, even if plaintiff wins in state court, there will be few assets left to pay a judgment after the bankruptcy estate is distributed. However, defendant does not explain how it could be prejudiced by plaintiff's decision to limit the scope of his remedies to those available in state court. If plaintiff wishes

to make the convenience of staying in a Wisconsin state court a higher priority than the possibility of a more flexible remedy in bankruptcy court, that is his choice to make.

Plaintiff seeks attorney fees and costs under 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court interpreted this provision in Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005), concluding that "absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." Because plaintiff does not develop an argument under this standard or even acknowledge it, I am denying this aspect of his motion.

ORDER

IT IS ORDERED that

1. Plaintiff Jason Szelagowski's motion to remand under 28 U.S.C. § 1452(b), dkt. #4, is GRANTED.

2. Defendant NewPage Wisconsin System, Inc.'s motion to transfer under 28 U.S.C. § 1412, dkt. #13, is DENIED.

3. Plaintiff's request for attorney fees and costs, dkt. #4, is DENIED.

4. This case is REMANDED to the Circuit Court for Wood County, Wisconsin.

Entered this 11th day of December, 2013.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge